UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JALEN COLDS,

              Plaintiff,                                          22-cv-2023 (CS)

      -against-

OFFICER SMYTH, JOHN DOE NO. 1, JOHN DOE NO.
2, ERIC PAOLILLI, and DR. RAUL ULLOA,

              Defendants.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

JOHN M. NONNA
Westchester County Attorney
Attorney for Officer Smythe
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York 10601
(914) 995-3637

LOREN ZEITLER (LZ-2137)
Sr. Assistant County Attorney

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... i,ii

PRELIMINARY STATEMENT ....................................................................................1

FACTUAL BACKGROUND .........................................................................................1

STANDARD OF REVIEW .............................................................................................3

ARGUMENT ....................................................................................................................4

    POINT I ..........................................................................................................................4

        **Plaintiff's Complaint Fails to Satisfy the
Requirements of FRCP Rule 8** .................................................................4

    POINT II .........................................................................................................................6

        **Plaintiff's Claims Against Officer Smythe Should
be Dismissed Because Plaintiff Fails to State an
Eighth Amendment Violation** ..................................................................6

CONCLUSION ...............................................................................................................12

# TABLE OF AUTHORITIES

**CASES**

Ajinomoto Co. v. CJ Cheiljedang Corp.
   2021 U.S. Dist. LEXIS 184945 (S.D.N.Y. Sept. 27, 2021)............................................5

Ashcroft v. Iqbal
   556 U.S. 662 (2009)...................................................................................................3,5

Astroworks, Inc. v. Astroexhibit, Inc.
   2003 U.S. Dist. LEXIS 3484 (S.D.N.Y. 2003)............................................................5

Bell Atl. Corp. v. Twombly
   550 U.S. 544 (2007).....................................................................................................3

Bradshaw v. Locke
   2020 U.S. Dist. LEXIS 142312 (N.D.N.Y. Aug. 5, 2020) ...........................................6

Carrasco v. Annucci
   2019 U.S. Dist. LEXIS 163196 (S.D.N.Y. Sept. 16, 2019)..........................................8

Daley v. Town of Orchard Park
   2017 U.S. Dist. LEXIS 12569 (W.D.N.Y. January 30, 2017)......................................3

Darnell v. Pineiro
   849 F.3d 17 (2d Cir. 2017). ......................................................................................6,8

Dietrich v. Cty. of Orange
   2020 U.S. Dist. LEXIS 159262 (S.D.N.Y. Sept. 1, 2020)..........................................10

Farmer v. Brennan
   511 U.S. 825 (1994).....................................................................................................7

Fernandez v. N.Y.C. Dep't of Corr.
   2010 U.S. Dist. LEXIS 29686 (S.D.N.Y. Mar. 29, 2010 .............................................8

Griffin v. Smith
   2016 U.S. Dist. LEXIS 79321 (N.D.N.Y. June 16, 2016)...........................................3

Grullon v. City of New Haven
   720 F.3d 133 (2d Cir. 2013) ........................................................................................6

Hayes v. N.Y.C. Dep't of Corr.
   84 F.3d 614 (2d Cir. 1996) .......................................................................................6,8

<u>In re Livent, Inc. Noteholders Sec. Litig.</u>
    151 F. Supp. 2d 371 (S.D.N.Y. 2001). ............................................................................5

<u>Laporte v. Keyser</u>
    2014 U.S. Dist. LEXIS 132132 (S.D.N.Y. Sept. 18, 2014)...............................................9

<u>Mays v. Falu</u>
    2019 U.S. Dist. LEXIS 210062 (S.D.N.Y. Dec. 5, 2019). .......................................7,9,10

<u>Mayzick v. Cnty. of Nassau</u>
    32 F. Supp. 3d 399 (E.D.N.Y. 2014). ..............................................................................6

<u>Ramirez v. Smith</u>
    2019 U.S. Dist. LEXIS 140091 (S.D.N.Y. Aug. 19, 2019)...............................................6

<u>Ruiz v. Westchester Cty.</u>
    2020 U.S. Dist. LEXIS 133647 (S.D.N.Y. Jul. 28, 2020),..........................................8,11

<u>Ruotolo v. City of N.Y.</u>
    514 F.3d 184 (2d Cir. 2008). ...........................................................................................3

<u>Spavone v. N.Y. State Dep't of Corr. Servs.</u>
    719 F.3d 127 (2d Cir. 2013). ...........................................................................................7

<u>Ulloa v. Takata Corp.</u>
    2017 U.S. Dist. LEXIS 47967 (S.D.N.Y. Mar. 30, 2017) ................................................5

<u>Valde-Cruz v. Russo</u>
    2022 U.S. Dist. LEXIS 46098 (Mar. 15, 2022) ............................................................7,9

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendant Correction Officer Shakia Smythe[1] in support of the instant motion to dismiss Plaintiff's Amended Complaint ("Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

Officer Smythe moves to dismiss the Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted on the grounds that: (1) Plaintiff's Complaint fails to satisfy the requirements of FRCP 8; and (2) Plaintiff fails to adequately plead that Officer Smythe violated his constitutional rights.

## FACTUAL BACKGROUND

Plaintiff alleges that he was a post-conviction detainee at the Westchester County Jail from January 24, 2020 to November 20, 2020. See Complaint attached as Exhibit "A" to the Declaration of Loren Zeitler, at ¶ 23. He alleges that in April 2020, he started receiving verbal threats from another inmate after he was involved in a physical altercation with him. Id. at ¶ 24. As a result of that altercation, he was disciplined, which included being placed in "keeplock" for multiple days. Id. at ¶ 25.

Plaintiff alleges that pursuant to the WCDOC Policy and Procedure 06-04 ("Non-Association Policy"), "any staff member who 'receives information which may fall within the criteria for nonassociation,'" which includes, "physical assault of an inmate,' is required to 'communicate the same to his/her sector supervisor, who shall, in turn, review the information and determine if a non-association restriction is warranted.'" Id. at ¶ 27.

---

[1] Incorrectly sued as "Officer Smyth"

1

Plaintiff claims "on information and belief" that he was not issued a non-association restriction, although he believes that the previous fight was serious enough to warrant such restriction. Id. at ¶¶ 28-29. Plaintiff explains:

> This failure occurred one of two was [sic]. The staff member(s) who witnessed and reported the fight, referred to herein as John Doe #1, failed to report it to the sector supervisor, or the sector supervisor, John Doe #2, failed to enter a non-association restriction.

Id. at ¶ 30.

On May 7, 2020, the inmate with whom Plaintiff fought a month earlier entered the room where Plaintiff was seated and attacked him. Id. at ¶ 31. Contradicting his allegations earlier in the Complaint that a "keep away" order was never entered, Plaintiff states that "to the extent that a non-association restriction issued, the assailant should not have been allowed to come into the room by Office Smyth" because "the restriction would have been known to Officer Smyth based on a notation in the ELITE system."[2] Id. at ¶ 34. Plaintiff alleges that he sustained a dislocated shoulder from the attack. Id. at ¶ 35.

He brings a failure-to-protect claim under 42 U.S.C. § 1983 against Officer Smythe[3].

---

[2] Plaintiff adds that "[t]his allegation is being pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

[3] In his original Complaint, Plaintiff named Officer Jones and Westchester County as Defendants, asserting a Monell claim and state-law claims. (Dkt. 1). Plaintiff has dismissed those claims in his Amended Complaint.

## **STANDARD OF REVIEW**

A court considering a motion to dismiss a Complaint under Rule 12(b)(6) must do so "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." Ruotolo v. City of N.Y., 514 F.3d 184, 188 (2d Cir. 2008).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

A Rule 12(b)(6) motion to dismiss can be based on: (1) a challenge to the "sufficiency of the pleading" under Rule 8(a)(2); and/or (2) a challenge to the legal cognizability of the claims. See Daley v. Town of Orchard Park, 2017 U.S. Dist. LEXIS 12569 (W.D.N.Y. January 30, 2017) (citations omitted). A claim must be "plausible" in order to satisfy the requirements of Rule 8. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown [] that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citations and quotations omitted). See also Griffin v. Smith, 2016 U.S. Dist. LEXIS 79321, at *5 (N.D.N.Y. June 16, 2016). As stated in Iqbal, "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## ARGUMENT

### POINT I

### Plaintiff's Complaint Fails to Satisfy the Requirements of FRCP Rule 8

Plaintiff fails to state a claim for relief as required by Rule 8(a) of the Federal Rules of Civil Procedure due to the inconsistencies in the alleged facts. In his Complaint, Plaintiff states "on information and belief" that he was not issued a non-association restriction. Exhibit "A" at ¶¶ 28-29. Additionally, in Plaintiff's counsel's pre-motion letter filed July 5, 2022, Plaintiff's counsel informed the Court that the County Defendants "did not submit a separation order, or otherwise protect Plaintiff." (Dkt. 10). Plaintiff alleges that although he was not issued a non-association restriction, he believes that the previous fight was serious enough to warrant such restriction. Id. at ¶¶ 28-29.

In just one paragraph of his Complaint, in which he addresses Officer Smythe's liability, Plaintiff first raises the possibility that a "keep separate" order may have been entered:

> To the extent that a non-association restriction issued, the assailant should not have been allowed to come into the room by Officer Smyth, who was working in the "bubble," the entry gate leading to the area in which Plaintiff was seated. Under the non-association policy, this should not have occurred and the restriction would have been known to Officer Smyth based on a notation in the ELITE system. This allegation is being pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

Id. at ¶ 34.

4

Plaintiff misinterprets Rule 8(d)(2) as permitting him to plead inconsistent facts, rather than claims. As recently discussed in Ulloa v. Takata Corp., 2017 U.S. Dist. LEXIS 47967 (S.D.N.Y. Mar. 30, 2017):

> In justifying the complaint's inconsistencies, Plaintiff misreads Rule 8(d) to allow allegations of contradictory facts even through Rule 8 authorizes only allegations of contradictory claims.

It is well settled that Rule 8(d)(2) allows a party to plead in the alternative and a plaintiff "may state as many separate claims ... as it has, regardless of consistency." Ajinomoto Co. v. CJ Cheiljedang Corp., 2021 U.S. Dist. LEXIS 184945, at *7 (S.D.N.Y. Sept. 27, 2021). However, as the Court in Ajinomoto noted, "[R]ule 8(d) does not give plaintiffs 'license to plead inconsistent assertions of facts within the allegations that serve as the factual predicates for an independent, unitary claim.'" (quoting In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 401 (S.D.N.Y. 2001).

In the present case, Plaintiff asserts one Section 1983 failure-to-protect claim against Officer Smythe supported by contradictory facts. This is not a case in which alternative claims are being presented. Rather, this is legal gamesmanship to survive a motion to dismiss. In deciding a motion to dismiss, the Court has to accept the facts as alleged in the Complaint as true. Ruotolo v. City of N.Y., 514 F.3d 184, 188 (2d Cir. 2008). Hence, "[a] complaint may not allege inconsistent facts -- e.g., whether there was an agreement – because facts are binding judicial admissions." Astroworks, Inc. v. Astroexhibit, Inc., 257 F. Supp. 2d 609, 2003 U.S. Dist. LEXIS 3484 (S.D.N.Y. 2003).

In the instant case, Plaintiff has not pleaded sufficient facts to support his claims, as required by Iqbal, which renders his claims without facial plausibility. However, as

5

discussed infra, under either set of "facts" set forth in Plaintiff's Complaint, his claims against Officer Smythe fail and should be dismissed.

## POINT II

### Plaintiff's Claims Against Officer Smythe Should be Dismissed Because Plaintiff Fails to State an Eighth Amendment Violation

In order to establish an individual defendant's liability under 42 U.S.C. § 1983, "a plaintiff must show ... the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). See also Mayzick v. Cnty. of Nassau, 32 F. Supp. 3d 399, 402 (E.D.N.Y. 2014). Personal involvement in a Section 1983 violation can be established if:

> (1) The defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; and (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

Ramirez v. Smith, 2019 U.S. Dist. LEXIS 140091, at *12-13 (S.D.N.Y. Aug. 19, 2019) (citations omitted).

As Plaintiff is a convicted prisoner, his failure-to-protect claims are analyzed under the Eighth Amendment. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). The Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments," requires prison officials to "take reasonable measures to guarantee the safety of inmates in their custody." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d

Cir. 1996). See also Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "not …every injury suffered by one prisoner at the hands of another … translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834.

To state a claim under the Eighth Amendment on the basis of a failure to protect, a Plaintiff must adequately plead both prongs of a two-pronged test: "(a) conditions of confinement that objectively pose an unreasonable risk of serious harm to their current or future health, and (b) that the defendant acted with 'deliberate indifference.'" Valde-Cruz v. Russo, 2022 U.S. Dist. LEXIS 46098, at *21 (Mar. 15, 2022), quoting Farmer, 511 U.S. at 834.

Under the first prong of the test, referred to as the "objective prong," a Plaintiff must show that the conditions under which he was incarcerated were "sufficiently serious." Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013). In determining whether the risk of an inmate's violence is "sufficiently serious" to invoke constitutional protection, "[t]he focus of inquiry must be, not the extent of physical injuries sustained in an attack, but rather the existence of a 'substantial risk of serious harm.'" Mays v. Falu, 2019 U.S. Dist. LEXIS 210062, at *19 (S.D.N.Y. Dec. 5, 2019).

A "substantial risk of serious harm" can be found "where there is evidence of a previous altercation between a plaintiff and his attacker, coupled with a complaint by [the] plaintiff regarding the altercation or a request by [the] plaintiff to be separated from the attacker." Id. (citations and quotations omitted). Significantly, "[d]istrict courts in the Second Circuit have pointed to the existence, or lack thereof, of no-contact orders as indications that a substantial risk of harm may exist." Id. at *20.

With regard to the second prong of the test, analysis of "deliberate indifference" under the Eighth Amendment involves a subjective standard – the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Ruiz v. Westchester Cty., 2020 U.S. Dist. LEXIS 133647, at *13 (S.D.N.Y. Jul. 28, 2020). Significantly," [m]ere negligence will not suffice." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). See also Carrasco v. Annucci, 2019 U.S. Dist. LEXIS 163196, at **8-9 (S.D.N.Y. Sept. 16, 2019) ("Mere negligence by a prison officer does not establish a claim for deliberate indifference to prisoner's safety.") citing Fernandez v. N.Y.C. Dep't of Corr., 2010 U.S. Dist. LEXIS 29686, at *4 (S.D.N.Y. Mar. 29, 2010) (internal quotation and citation omitted).

For example, in Ruiz v. Westchester Cty., 2020 U.S. Dist. LEXIS 133647 (S.D.N.Y. Jul. 28, 2020), Plaintiff was previously involved in a physical fight with an inmate at the Westchester County Jail, which resulted in both individuals added to a "Keep Separate" list. Plaintiff alleged that months later, he was subsequently placed by Defendant Correction Officer Monteleon into the same holding cell as the individual with whom he had a "Keep Separate" Order, and that individual attacked him, resulting in physical injuries. Id. at *2. He brought an action pursuant to 42 U.S.C. § 1983, asserting a failure-to-protect claim against Officer Monteleon.

As Plaintiff in Ruiz was a pre-trial detainee, his failure-to-protect claims were analyzed under the Fourteenth Amendment. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). Unlike under the Eighth Amendment, which imposes a subjective standard (that the prison official "know and disregard an excessive risk"), analysis under the "slightly lower standard" of the Fourteenth Amendment only requires that a prison

8

official "knew, or should have known," that the condition posed an excessive risk to safety. Ruiz, 2020 U.S. Dist. LEXIS at *13.

The Court held that Plaintiff failed to establish that Defendant Officer Monteleone's conduct rose to the level of a constitutional violation. Although Plaintiff alleged that Officer Monteleone "was in possession" of the keep separate list, the Court noted that that allegation "fail[ed] to plausibly raise an inference that Monteleon 'recklessly failed to act with reasonable care' or even that he 'knew, or should have known," that the condition posed an excessive risk to health or safety. Id. at *15 (citing Darnell, 849 F.3d at 35). The Court explained:

> It is unclear what Plaintiff means by "possession." There are no allegations, for instance, that Monteleon actually read the list, that he knew that he should have checked the list, or that he had any other outside reason to know about Plaintiff and Smith's violent history. Plaintiff's repeated statements that Monteleon's failure to review the keep separate list was "negligent," further hurt his claim because 'any § 1983 claim …requires proof of a *mens rea* greater than mere negligence.'

Id. at *16 (citations omitted).

Concluding that Plaintiff failed to establish the requisite "deliberate indifference," the Court dismissed Plaintiff's claims against Officer Monteleon. See also Valde-Cruz v. Russo, 2022 U.S. Dist. LEXIS 46098, at n.3 (S.D.N.Y. Mar. 15, 2022) ("[P]laintiff failed to allege particular facts to establish that any prison officials . . . were actually aware of the specific danger Inmate Arnold posed, even following the first altercation, which calls into question whether Plaintiff alleged an Eighth Amendment clam at all."); Laporte v. Keyser, 2014 U.S. Dist. LEXIS 132132, at *4 (S.D.N.Y. Sept. 18, 2014) (failure-to-protect claim failed because no evidence that defendant knew of animosity between inmates and the inmates "were not placed on each other's separation lists"); cf Mays v.

9

Falu, 2019 U.S. Dist. LEXIS 210062, at *23-24 (S.D.N.Y. Dec. 5, 2019) (finding that Plaintiff adequately pled Eighth Amendment claim by alleging that each individual defendant knew that a keep separate order existed and knew that the order meant that the two inmates were to be kept apart).

In the instant case, Plaintiff fails to satisfy either prong of the two-pronged test. With regard to the first prong, Plaintiff fails to show that there existed a "substantial risk of serious harm." He provides no details about the nature of the prior physical altercation, including whether he sustained any injuries whatsoever, in order to assess whether a "substantial risk of serious harm" existed. Additionally, nowhere in the Complaint does Plaintiff allege that he ever made a complaint regarding his fight with the other inmate or that he requested that he be separated from that inmate.

Additionally, Plaintiff fails to satisfy the "subjective" prong of the test, i.e., that Officer Smythe acted "with a sufficiently culpable state of mind." Dietrich v. Cty. of Orange, 2020 U.S. Dist. LEXIS 159262, at *9 (S.D.N.Y. Sept. 1, 2020). First, Plaintiff alleges that he was not issued a non-association restriction. See Exhibit "A" at ¶ 29. Plaintiff does not allege that he ever informed Officer Smythe of the prior incident with the individual who attacked him or that he ever told her he had any issues with him or informed her that he felt threatened by him. The one statement Plaintiff makes that addresses Officer Smythe's state of mind is as follows:

> Defendants Smyth, John Doe No. 1, and John Doe No. 2, knew from prior altercations and Plaintiff's [sic] that the person who attacked Plaintiff should never have been allowed near him. They had an [sic] constitutional duty to protect Plaintiffs from this danger.

Exhibit "A" at ¶ 44.

This conclusory statement has no support in the facts as alleged in the Complaint, as there is no indication Officer Smythe knew about "prior altercations." Plaintiff fails to provide any facts to establish that Officer Smythe had any knowledge thereof, and therefore has failed to adequately plead that Officer Smythe had the requisite mens rea, as required under an Eighth Amendment analysis.

Additionally, according to one paragraph of the Complaint, if a "keep separate" order had been issued, "the restriction would have been known to Officer Smyth based on a notation in the ELITE system." Assuming arguendo that Plaintiff's contradictory facts are permitted, Plaintiff still has not established that Officer Smythe knew of and disregarded an excessive risk to his safety. There is no indication that Officer Smythe, who was working the "bubble," was aware of a "notation in the ELITE system" or that she shouldn't have allowed the other inmate to access an area in which Plaintiff was located. See Ruiz v. Westchester Cty., 2020 U.S. Dist. LEXIS 133647, at *6 (S.D.N.Y. Jul. 28, 2020) At most, Plaintiff's claim sounds in negligence, not a constitutional violation, and should be dismissed.

## CONCLUSION

It is respectfully submitted that this Honorable Court grant the instant motion to dismiss the Complaint in its entirety because: (1) Plaintiff's Complaint fails to satisfy the requirements of FRCP 8; and (2) Plaintiff fails to adequately plead that Officer Smythe violated his constitutional rights. Defendant seeks dismissal of the Complaint with costs, fees, disbursements, and such other and further relief as this Honorable Court deems just and proper.

Dated: White Plains, New York
       September 26, 2022

                                   Respectfully submitted,
                                   JOHN M. NONNA
                                   Westchester County Attorney
                                   Attorney for Officer Smythe

                                   BY: Loren Zeitler (LZ-2137)
                                   Senior Assistant County Attorney,
                                   Of Counsel
                                   600 Michaelian Office Building
                                   148 Martine Avenue
                                   White Plains, New York 10601
                                   (914) 995-3637

TO:    All Attorneys of Record (*via ECF*)