UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JALEN COLDS,

                Plaintiff,                              22-cv-2023 (CS)

        -against-

OFFICER SMYTH, JOHN DOE NO. 1, JOHN DOE NO.
2, ERIC PAOLILLI, and DR. RAUL ULLOA,

                Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-CONFERENCE DISCOVERY, TO AMEND THE COMPLAINT TO ADD THE TRUE NAMES OF JOHN DOES NOS. 1 & 2 ONCE THEY ARE IDENTIFIED, AND TO EXTEND THE TIME FOR SERVICE ON ERIC PAOLILLI AND DR. RAUL ULLOA, OR DISMISS THE CLAIMS WITHOUT PREJUDICE BEFORE THE STATUTE OF LIMITATIONS EXPIRES

JOHN M. NONNA
Westchester County Attorney
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York 10601
(914) 995-3637

LOREN ZEITLER (LZ-2137)
Associate County Attorney

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. i,ii

PRELIMINARY STATEMENT ....................................................................................... 1

PROCEDURAL AND FACTUAL BACKGROUND ...................................................... 1

ARGUMENT .................................................................................................................... 3

      POINT I ............................................................................................................... 3

      Plaintiff Fails to Cite any Legal Authority in Support of his Claim
      that the County Should Divulge the Identities of the John Doe Defendants .......... 3

      POINT II .............................................................................................................. 5

      Plaintiff Fails to Plausibly Allege that the John Doe Defendants
      Violated his Eighth Amendment Rights .................................................................. 5

CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

## CASES

Bradshaw v. Locke
  2020 U.S. Dist. LEXIS 142312 (N.D.N.Y. Aug. 5, 2020) ...............................................7

Carrasco v. Annucci
  2019 U.S. Dist. LEXIS 163196 (S.D.N.Y. Sept. 16, 2019)............................................7

Darnell v. Pineiro
  849 F.3d 17 (2d Cir. 2017). ...........................................................................................5

Digital Sin, Inc. v. Does 1-176
  279 F.R.D. 239 (S.D.N.Y. Jan. 30, 2012).......................................................................3

Farmer v. Brennan
  511 U.S. 825 (1994).........................................................................................................6

Fernandez v. N.Y.C. Dep't of Corr.
  2010 U.S. Dist. LEXIS 29686 (S.D.N.Y. Mar. 29, 2010) ..............................................7

Grullon v. City of New Haven
  720 F.3d 133 (2d Cir. 2013). ..........................................................................................5

Hayes v. N.Y.C. Dep't of Corr.
  84 F.3d 614 (2d Cir. 1996) .............................................................................................7

KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.
  2006 WL 1720461 (E.D.N.Y. June 22, 2006).................................................................3

Litwin v. OceanFreight, Inc.
  865 F. Supp. 385 (S.D.N.Y. 2011) .................................................................................3

Mayzick v. Cnty. of Nassau
  32 F. Supp. 3d 399 (E.D.N.Y. 2014) ..............................................................................5

McCormick v. Cnty. of Westchester
  2023 U.S. Dist. LEXIS 50765 (S.D.N.Y. Mar. 24, 2023) ..............................................7

Notaro v. Koch
  95 F.R.D. 403 (S.D.N.Y. 1982).......................................................................................4

Ramirez v. Smith
  2019 U.S. Dist. LEXIS 140091 (S.D.N.Y. Aug. 19, 2019)..............................................6

Ruiz v. Westchester Cty.
  2020 U.S. Dist. LEXIS 133647 (S.D.N.Y. Jul. 28, 2020)..............................................6

Spavone v. N.Y. State Dep't of Corr. Servs.
  719 F.3d 127 (2d Cir. 2013) .........................................................................................6

Valde-Cruz v. Russo
  2022 U.S. Dist. LEXIS 46098 (Mar. 15, 2022)..............................................................6

Valentin v. Dinkin
  121 F.3d 72 (2d Cir. 1997) ...........................................................................................4

Williams v. Salvucci
  2022 U.S. Dist. LEXIS 223731(S.D.N.Y. Dec. 12, 2022) .............................................7

**PRELIMINARY STATEMENT**

This memorandum of law is submitted in opposition to Plaintiff's motion to compel Westchester County to identify the two John Doe Defendants referenced in his Amended Complaint ("Complaint").

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff was a post-conviction detainee at the Westchester County Jail from January 24, 2020 to November 20, 2020.  See Complaint (Dkt. 12).  He alleges that in April 2020, he was involved in a "physical altercation" with another inmate.  Id. at ¶ 24.  As a result of that altercation, he was disciplined, which included being placed in "keeplock" for multiple days.  Id. at ¶ 25.  Plaintiff does not indicate in the Complaint whether he sustained any injuries at all in that incident.

Plaintiff alleges that pursuant to the WCDOC Policy and Procedure 06-04 ("Non-Association Policy"), "any staff member who 'receives information which may fall within the criteria for nonassociation,'" which includes, "physical assault of an inmate,' is required to 'communicate the same to his/her sector supervisor, who shall, in turn, review the information and determine if a non-association restriction is warranted.'" Id. at ¶ 27.

Plaintiff claims "on information and belief" that he was not issued a non-association restriction, although in his personal belief, the previous fight was serious enough to warrant such restriction.  Id. at ¶¶ 28-29.  Plaintiff explains:

> This failure occurred one of two was [sic].  The staff member(s) who witnessed and reported the fight, referred to herein as John Doe #1, failed to report it to the sector supervisor, or the sector supervisor, John Doe #2, failed to enter a non-association restriction.

Id. at ¶ 30.

1

On May 7, 2020, the inmate with whom Plaintiff fought a month earlier allegedly entered the room where Plaintiff was seated and attacked him.  Id. at ¶ 31.

On May 25, 2021, an associate from Plaintiff's counsel's firm, Ms. Stephanie Panousieris, served a FOIL request concerning Jalen Colds, that did not reference any particular incident, upon the Westchester County Department of Correction ("DOC") via e-mail.  See Affidavit of Melissa S. Smith, attached as Exhibit "A" to the Declaration of Loren Zeitler ("Zeitler Decl."), at ¶ 4. After a HIPAA form was subsequently requested by the DOC and provided by Ms. Panousieris, on June 17, 2021, the DOC responded to the FOIL request via e-mail.  Id. at ¶¶ 7, 8.

In its response, the DOC attached Plaintiff's requested "disciplinary tickets" and grievances and certified that "following a diligent search", the DOC was not in possession of any recordings of hearings, as hearings are not recorded.  Id. at ¶ 8.  In response to the portion of the FOIL request for "unusual incident documents", the request was denied pursuant to Section 89(3) of the Public Officers Law, which requires that an agency make available only records that are reasonably described.  Id. at ¶ 9.  Ms. Smith informed Ms. Panousieris in her e-mail response that she could resubmit the request and explain exactly what documents she was looking for, as that portion of the request did not reasonably describe the documents sought.  Id. at ¶ 10.

In that June 17, 2021 response, Ms. Smith advised Ms. Panousieris that any appeal from that determination should be addressed to John Nonna, Esq., Westchester County Attorney, and that any appeal should include a copy of the FOIL request and a copy of the DOC's response.  Id.  No appeal was ever served upon the County Attorney's

office. Id. at ¶ 11. The DOC was never contacted again by Plaintiff's counsel. Id. at ¶

12. Plaintiff filed his original Complaint on March 10, 2022 (Dkt. 1).

## ARGUMENT

## POINT I

### Plaintiff Fails to Cite any Legal Authority in Support of his Claim that the County Should Divulge the Identities of the John Doe Defendants

In its Order of July 14, 2023, the Court denied the Plaintiff's letter motion for

discovery, explaining that "Plaintiff requests that the Court order counsel for Westchester

County to divulge the names of the individuals sued as John Doe #1 and John Doe #2, but

has provided no authority for a requirement that a municipal defendant be required to do

so for a counseled plaintiff." (Dkt. 27). The Court ordered Plaintiff to provide it with

such authority by formal motion. Plaintiff has failed to do so.

In his Motion for "Pre-Conference Discovery", Plaintiff fails to cite a single case

in which a municipal defendant was Court-ordered to divulge the names of those sued as

John Doe Defendants to a counseled plaintiff. In fact, only one of the cases cited by

Plaintiff actually involved John Doe defendants, Digital Sin, Inc. v. Does 1-176, 279

F.R.D. 239, 241 (S.D.N.Y. Jan. 30, 2012), but did not involve a municipal defendant.

Significantly, the Digital Sin Court noted that courts apply "particularly careful scrutiny"

when plaintiffs seek expedited discovery *ex parte*. Additionally, the court explained that

it was permitting pre-conference discovery to identify the 176 John Does, the only

defendants named in the case, because it was an infringement action and only the Internet

Service Providers could provide the names of addresses of individuals associated with the

IP addresses. None of the other three cases cited by Plaintiff concern John Doe

Defendants or municipal defendants; they discuss pre-conference discovery. See Litwin

v. OceanFreight, Inc., 865 F. Supp. 385, 402 (S.D.N.Y. 2011); KeyBank, Nat. Ass'n v.
Quality Payroll Sys., Inc., 2006 WL 1720461 (E.D.N.Y. June 22, 2006); Notaro v. Koch,
95 F.R.D. 403, 405 (S.D.N.Y. 1982).

Without any authority, Plaintiff cites Valentin v. Dinkin, 121 F.3d 72 (2d Cir.
1997), applicable to *pro se* cases, as a compelling reason for this Court to order the
County to divulge the identity of the John Doe defendants to a counseled plaintiff.
Similarly, without any authority, Plaintiff seeks permission to subpoena the County,
"requesting that a witness from the County provide the same information under oath."

As discussed supra, Plaintiff had ample opportunity to identify the John Doe
defendants in this case.   His counsel served a FOIL request over 2 years ago upon the
DOC and was provided with responsive records, in which officers who witnessed
Plaintiff's incidents were identified by name and badge number[1].  See Exhibit "A" to the
Zeitler Decl. at ¶¶ 8, 9.  When the information was provided on June 14, 2021, Melissa
Smith, the DOC's Civil Litigation Liaison in charge of handling FOIL requests, informed
Plaintiff's counsel that she could resubmit the request as to those categories of
information that were not reasonably described.  Id. at ¶ 10.  Additionally, instructions
were given as to how to appeal.  Id.  Plaintiff's counsel did not resubmit the request or
appeal the determination.  Id. at ¶¶ 11, 12.  The DOC did not receive any further FOIL
requests concerning Mr. Colds from Plaintiff's firm.  Plaintiff's request that the Court
order the County to now divulge the identities of the John Doe defendants when he
abandoned his attempt over two years ago has no legal precedent and should be denied.

---

[1] The names of the officers who witnessed the previous altercation are included in the
records provided to Plaintiff's counsel, as set forth in the County's letter to the Court of
July 11, 2023. (Dkt. 25).

**POINT II**

**Plaintiff Fails to Plausibly Allege that the John Doe Defendants
Violated his Eighth Amendment Rights**

Pursuant to this Court's Order of July 14, 2023, the County was permitted to raise

the issue of whether the Complaint states a claim against the John Does.  Even if the John

Doe defendants' identities were divulged, the claims against them are not viable as they

sound in negligence, at most, and do not allege a constitutional violation.

In order to establish an individual defendant's liability under 42 U.S.C. § 1983, "a

plaintiff must show … the defendant's personal involvement in the alleged constitutional

deprivation."  Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013).  See also

Mayzick v. Cnty. of Nassau, 32 F. Supp. 3d 399, 402 (E.D.N.Y. 2014).  Personal

involvement in a Section 1983 violation can be established if:

> (1) The defendant participated directly in the alleged constitutional
> violation; (2) the defendant, after being informed of the violation through
> a report or appeal, failed to remedy the wrong; (3) the defendant created a
> policy or custom under which unconstitutional practices occurred, or
> allowed the continuance of such a policy or custom; and (4) the defendant
> was grossly negligent in supervising subordinates who committed the
> wrongful acts, or (5) the defendant exhibited deliberate indifference to the
> rights of [the plaintiff] by failing to act on information indicating that
> unconstitutional acts were occurring.

Ramirez v. Smith, 2019 U.S. Dist. LEXIS 140091, at *12-13 (S.D.N.Y. Aug. 19, 2019)

(citations omitted).

As Plaintiff is a convicted prisoner, his failure-to-protect claims are analyzed

under the Eighth Amendment.  See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).

The Eighth Amendment, which prohibits the infliction of "cruel and unusual

5

punishments," requires prison officials to "take reasonable measures to guarantee the safety of inmates in their custody." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). See also Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "not …every injury suffered by one prisoner at the hands of another … translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834.

To state a claim under the Eighth Amendment on the basis of a failure to protect, a Plaintiff must adequately plead both prongs of a two-pronged test: "(a) conditions of confinement that objectively pose an unreasonable risk of serious harm to their current or future health, and (b) that the defendant acted with 'deliberate indifference.'" Valde-Cruz v. Russo, 2022 U.S. Dist. LEXIS 46098, at *21 (Mar. 15, 2022), quoting Farmer, 511 U.S. at 834.

Under the first prong of the test, referred to as the "objective prong", a Plaintiff must show that the conditions under which he was incarcerated were "sufficiently serious." Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013). A "substantial risk of serious harm" can be found "where there is evidence of a previous altercation between a plaintiff and his attacker, coupled with a complaint by [the] plaintiff regarding the altercation or a request by [the] plaintiff to be separated from the attacker." Id. (citations and quotations omitted). Significantly, "[d]istrict courts in the Second Circuit have pointed to the existence, or lack thereof, of no-contact orders as indications that a substantial risk of harm may exist." Id. at *20.

With regard to the second prong of the test, analysis of "deliberate indifference" under the Eighth Amendment involves a subjective standard – the prison official must

"know[] of and disregard[] an excessive risk to inmate health or safety." Ruiz v.

Westchester Cty., 2020 U.S. Dist. LEXIS 133647, at *13 (S.D.N.Y. Jul. 28, 2020).

Significantly, "[m]ere negligence will not suffice." Hayes v. N.Y.C. Dep't of Corr., 84

F.3d 614, 620 (2d Cir. 1996). See also Bradshaw v. Locke, 2020 U.S. Dist. LEXIS

142312, at *28 (N.D.N.Y. Aug. 5, 2020) ("Neither mere negligence nor a prison guard's

mere failure to act reasonably is enough to state an Eighth Amendment deliberate

indifference claim.") (citations omitted); Carrasco v. Annucci, 2019 U.S. Dist. LEXIS

163196, at **8-9 (S.D.N.Y. Sept. 16, 2019) ("Mere negligence by a prison officer does

not establish a claim for deliberate indifference to prisoner's safety.") citing Fernandez v.

N.Y.C. Dep't of Corr., 2010 U.S. Dist. LEXIS 29686, at *4 (S.D.N.Y. Mar. 29,

2010) (internal quotation and citation omitted).

      This Court has articulated the standard for determining the existence of a

substantial risk of harm as follows:

> For a failure to protect claim in the context of violence between
> incarcerated individuals, "courts may find a substantial risk of serious
> harm 'where there is evidence of a previous altercation between a plaintiff
> and an attacker, coupled with a complaint by [the] plaintiff regarding the
> altercation or a request by [the] plaintiff to be separated from the
> attacker.'"

Williams v. Salvucci, 2022 U.S. Dist. LEXIS 223731, at *22 (S.D.N.Y. Dec. 12, 2022)

(citations omitted). See also McCormick v. Cnty. of Westchester, 2023 U.S. Dist. LEXIS

50765, at *14 (S.D.N.Y. Mar. 24, 2023).

      In his Complaint, Plaintiff alleges, with no factual support, that the failure of a

keep separate order from being entered "occurred one of two was [sic]":

1. John Doe No. 1 - ("staff member(s) who witnessed and reported the
   fight") "failed to report it to the sector supervisor"; or

2. John Doe No. 2 – ("sector supervisor") "failed to enter a non-association restriction" if he received a report of the fight.

(Dkt. 12) at ¶ 30.

At most, Plaintiff is alleging negligence, not conduct that rises to the level of a constitutional violation. Although he opines that the only way a "keep separate" order was <u>not</u> issued after the first altercation was due to the failure to act of either "John Doe 1" or "John Doe 2" and that the incident was "serious enough to warrant non-association", that is nothing more than his personal opinion. <u>Id</u>. at ¶ 28. Plaintiff provides no details regarding the prior altercation with the inmate, including whether anyone sustained any injuries during that incident. He provides no basis for his conclusion that simply because his behavior warranted his placement in Keep-Lock, a Keep Separate Order should have followed. Significantly, he does not allege that he ever made a complaint about the prior incident nor does he allege that he ever requested to be separated from the inmate involved in the prior altercation. Thus, he has not satisfied the first prong of the "deliberate indifference" test under the Eighth Amendment.

Additionally, he has not plausibly alleged that either John Doe 1 or 2 had the requisite *mens rea*. In his Complaint, Plaintiff quotes the WCDOC Non-Association Policy, which states that when an incident "**may** fall" within the criteria for nonassociation, the sector supervisor "shall . . . review the information and determine **if** a non-association restriction is warranted." <u>Id</u>. at ¶ 27. Accordingly, issuance of a "keep separate" order is not automatic every time there is an incident between inmates, and there is nothing in the Complaint regarding the prior incident to suggest that a "keep separate" order in this instance should have been issued. There is no allegation that either

John Doe Defendant received a request from Plaintiff that he be separated from the inmate involved in the prior incident.

At most, Plaintiff's claims against the John Doe Defendants sound in negligence, which claims are not asserted herein.  Plaintiff does not plausibly allege that either John Doe defendant violated his constitutional rights.

## CONCLUSION

It is respectfully submitted that this Honorable Court deny the Plaintiff's motion herein.  Plaintiff has cited no case law in support of his argument, and his Complaint does not state a viable Section 1983 claim against the John Doe Defendants.

Dated:  White Plains, New York
        August 11, 2023

Respectfully submitted,
JOHN M. NONNA
Westchester County Attorney

/s/ Loren Zeitler

BY: Loren Zeitler (LZ-2137)
Associate County Attorney
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York 10601
(914) 995-3637

TO:    All Attorneys of Record (*via ECF*)